1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    INGINIO HERNANDEZ,                      )
                                             )
10            Plaintiff,                      )        3:13-cv-00083-MMD-WGC
                                             )
11    vs.                                     )
                                             )        **ORDER**
12    RENEE BAKER, *et al.*,                  )
                                             )
13            Defendants.                     )
     _____/

14

15          This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state

16   prisoner.  On July 12, 2013, the Court entered an order screening the amended complaint and

17   imposing a ninety-day stay in this action.  (ECF No. 10).  The ninety-day stay was intended to allow

18   the parties an opportunity to settle their dispute.  The Court's order specified that during the ninety-

19   day stay, no pleadings or papers shall be filed and the parties shall not engage in discovery.  (ECF

20   No. 10, at p. 11).  Despite the order of this Court, plaintiff has filed a motion for injunctive relief, a

21   motion for an order to show cause, a motion to amend, and a motion to compel the production of

22   documents.  (ECF Nos. 9, 14, 15, 16).  These motions are denied as prohibited by the Court's order

23   of July 12, 2013.  (ECF No. 10).  Plaintiff's motions are denied without prejudice to plaintiff

24   bringing appropriate motions later during the litigation of this action.

25          The Office of the Attorney General has filed a status report indicating that settlement was not

26   reached and informing the Court of its intent to proceed with this action.  (ECF No. 18).

**IT IS THEREFORE ORDERED** that:

1.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.  Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account **(Inginio Hernandez, #59072)**, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4.  The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's amended complaint (ECF No. 11) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

5.  Subject to the findings of the screening order (ECF No. 10), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney

2

General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

6. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **sixty (60) days** from the date of this order.

8. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

9. Plaintiff's motions at ECF Nos. 9, 14, 15, and 16 are **DENIED** without prejudice.

Dated this   22nd   day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

3