UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| INGINIO HERNANDEZ, | 3:13-cv-00083-MMD-WGC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | March 5, 2014 |
| RENEE BAKER, et al., | |
| Defendants | |

(PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is Defendants' motion (Doc. # 48) requesting a stay of briefing on Plaintiff's filing entitled, "This Motion be Brought Under Fed. R. Civ. P. 13. Pursuant to Federal Rule of Civil Procedure Civ. P. 13" (Doc. # 47). Defendants suggest that Plaintiff's most recent submission to the court is duplicitous to several other of Plaintiff's motions which are to be addressed by the court at a motion hearing on March 14, 2014, at 10:00 a.m. Those motions are:

- Doc. #20: "Motion Identifying the Unserved Defendants Requesting Issuance of a Summons and – Specifying a Full Name";
- Doc. #21: "Screening Reason for Request that the Court Order Describe Below be Motion for Application for Appointment of Counsel for She or His Can Represent Plaintiff";
- Doc. #22: "Screening Order be Motion in Order to show Cause for An Restraining Order";
- Doc. #26: "Motion to Complaining Constitutes Parts B and C a Violation of the Plaintiff Right of Access to the Courts";
- Doc. #30: "Motion to Complaining for Access to the Court of Inadequacies Assist of A Plaintiff Indigent Legal Issues of Materials";
- Doc. #37: "Motion for Request in Ordered Minutes of the Court";
- Doc. #38: "Motion and Good Cause Shown for Seeks Be Permission From the Court, for Process or Leave to Proceed in These Motions with the Inadequacies Forms"; and,
- Doc. #44: "This Motion as Made Pursuant too Fed. R. CiP. 33 in Order for Compelling Discovery."

MINUTES OF THE COURT
3:13-cv-00083-MMD-WGC
Date:  March 5, 2014
Page 2

      The court's initial overview of Plaintiff's "Motion to be Brought Under Fed. R. Civ. P. 13" (Doc.# 47) might be characterized as a rambling and somewhat incoherent 173 page conglomeration of allegations. The substance of Plaintiff's motion, as best as the court can decipher, is that the motion alleges a denial of legal supplies, a denial of access to courts, possible due process claims, staff misconduct, etc. While the motion is largely unintelligible, the court finds as Defendants assert that the current motion raises "the same or similar issues to those already briefed and pending before this court." (Doc. # 48 at 2.)[1]

      Therefore, good cause appears to defer Defendants' requirement to respond to Plaintiff's motion (Doc. # 47) until the court has had an opportunity to address Plaintiff's other motions at the scheduled March 14, 2014, hearing.  However, if the court finds Doc. # 47 raises issues asserted in any other of Plaintiff's motions, the court may find Plaintiff's Rule 13 motion to be moot.

      Defendants' motion (Doc. # 48) is **GRANTED.**

      **IT IS SO ORDERED.**

                             LANCE S. WILSON, CLERK

                             By:  /s/
                                     Deputy Clerk

---

[1] As a starting point, Plaintiff's motion states it is "brought under Fed. R. Civ. P. 13." (Doc. # 47 at 1.) Rule 13 pertains to counterclaims and cross claims, subjects which are <u>not</u> at all addressed (as best as the court can ascertain) in Plaintiff's motion.