UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| INGINIO HERNANDEZ, ) | 3:13-cv-00083-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | March 14, 2014 |
| ) | |
| RENEE BAKER, *et al.,* ) | |
| ) | |
| Defendants. ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:               FTR

COUNSEL FOR PLAINTIFF:   Inginio Hernandez, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Benjamin R. Johnson

**MINUTE ORDER IN CHAMBERS:** Motion Hearing

Before the court are multiple motions filed by plaintiff.

**I.    Pending Motions**

    **a.    "Motion Identifying the Unserved Defendants Requesting Issuance of a Summons and Specifying a Full Name" (Doc. # 20)**

Plaintiff seeks to have the complaint served upon certain defendants. However, as to Lieutenant Drummond, nurse Lewis, Caseworker Lorena, Caseworker Lightsey, no claims were allowed to proceed against these identified defendants pursuant to the Screening Order (Doc. # 10). In light of this, summons are not to be issued as to the aforementioned defendants.

The court addresses plaintiff's request to serve his Amended Complaint (Doc. # 11) against the named defendant Nurse Lying and/or Officer Lying. Defendants indicate in their Notice of Appearance and Acceptance of Service (Doc. # 23) that they do not accept service on behalf of Officer Lying or nurse Lying because they are unable to identify whether either of these individuals are current or former employees of the Nevada Department of Corrections ("NDOC").

Additionally, plaintiff seeks service on "Doe" defendants. The court advises plaintiff that the court is not able to serve fictitious named defendant(s) in a complaint. However, should

MINUTES OF PROCEEDINGS
3:13-cv-00083-MMD-WGC
Date: March 14, 2014
Page 2

plaintiff discover the identity of the Doe defendants, he may choose to seek leave of court to amend his complaint to substitute the name of the Doe defendant(s), provided plaintiff complies with deadlines in the Scheduling Order (Doc. # 33) and the Local Rules.

Therefore, plaintiff's "Motion Identifying the Unserved Defendants Requesting Issuance of a Summons and Specifying a Full Name" (Doc. # 20) is **DENIED**.  However, the court directs defendants' counsel to coordinate a meeting with plaintiff to discuss any additional information regarding defendant Lying that plaintiff may have to share regarding her identity.  After a good faith effort is made in attempt to identify defendant Lying, defendants' counsel shall file a notice advising the court whether the Attorney General's Office ("AG") is able to accept service on behalf of Lying.  Thereafter, Plaintiff shall have **thirty (30) days** to affect service on defendant Lying  or show good cause why she has not been served.  Should plaintiff not comply, defendant Lying may be dismissed by the court pursuant to Fed. R. Civ. P. 4(m).

    b.    **Motion for Appointment of Counsel (Doc. # 21)**

The court reiterates the position of District Judge Du concerning plaintiff's earlier request for appointment of counsel (Doc. # 10, pg. 1-2).  Again, plaintiff is advised that only under extraordinary circumstances does the court request an attorney to represent an indigent civil litigant.  To date, the court continues to take the position that plaintiff has not convinced or shown good cause to the court that such extraordinary circumstances exist in this matter to appoint counsel.

Therefore, plaintiff's Motion for Appointment of Counsel (Doc. # 21) is **DENIED**.

    c.    **"Screening Order Be Motion in Order to Show Cause for an Restraining Order" (Doc. #22)**

Plaintiff appears to be asking the court for injunctive relief; however, plaintiff does not specify the exact relief he is seeking.  Additionally, plaintiff fails to identify any of the named defendant(s) in this matter and the names mentioned are not defendants named in this lawsuit.  The court explains, pursuant to Fed. R. Civ. P. 65(a)(1), (d)(2), an injunction may only issue as to a person who is a party to this action, or the party's officers, agents, servants, employees, and attorney or others who are in active concert or participation with a party.  Finally, plaintiff's complaints in this motion are in no way tied to the claims allowed to proceed in this lawsuit.

The court explains to plaintiff there are specific standards that must be met before the court may order injunctive relief or a temporary restraining order.  The moving party must establish the following: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the

MINUTES OF PROCEEDINGS
3:13-cv-00083-MMD-WGC
Date: March 14, 2014
Page 3

public interest.  *Winter v. Natural Resources Defense Counsel, Inc.* 555 U.S. 7, 20 (2008).

The court also notes that by filing a complaint in federal court and then to use it as a forum to air unrelated grievances is not an appropriate approach to remedy his complaints. Plaintiff is advised the proper remedy is to utilize the NDOC grievance system, and if the complaints remain unsolved, he may choose to file a new action.

In view of the deficiencies stated above throughout the instant motion and the court's obligation to be extremely cautious when granting injunctive relief or a temporary restraining order, plaintiff's "Screening Order Be Motion in Order to Show Cause for an Restraining Order" (Doc. # 22) is **DENIED**.

> d. **"Motion to Complaining Constitutes Parts B and C A Violation of the Plaintiff Right of Access to the Courts Parts B and C Attached Too It" (Doc. # 26)**

Plaintiff's instant motion appears to request the court to order Defendants to stop engaging in retaliation against his right to access the courts and that he be allowed to receive his legal supplies.

The court addresses Plaintiff's assertion that he is not receiving legal supplies.  Referring to Defendants' Opposition to Plaintiff's Motion [#26] (Doc. # 35), the court notes Defendants present evidence that suggests Plaintiff has had access to the law library and has been provided legal supplies.  Furthermore, the court makes reference to several of Plaintiff's documents, one of which is more than 100 pages long, which belie his assertion that he is not receiving legal supplies.[1]

Plaintiff continues to contend that the NDOC is lying and that he is receiving supplies from other resources other than the prison.

To the extent this instant motion focuses on Plaintiff's alleged inability to obtain legal supplies from the NDOC, the motion is **DENIED**.

> e. **"Motion to Complaining for Access to the Court of Inadequacies Assist of a Plaintiff Indigent Legal Issues or Materials for Process This Under The Civil Action Require In Question" (Doc. # 30)**

Plaintiff's instant motion appears to be the same subject as Plaintiff's motion Doc. # 26.

---

[1] Doc. # 21 contains 82 pages.  Doc. # 39 contains 165 pages.  Doc. # 47 contains 126 pages.

MINUTES OF PROCEEDINGS
3:13-cv-00083-MMD-WGC
Date: March 14, 2014
Page 4

However, because Plaintiff fails to set forth exactly what relief he is seeking by way of this motion, it is unclear the relief the court can grant regarding this motion.

The court inquires whether Plaintiff is receiving legal supplies. Plaintiff asserts he is not while Defendants' counsel states that Mr. Hernandez, provided that he is properly kiting for legal supplies, continues to receive the allotted amount of legal supplies each month.

To the extent plaintiff is seeking additional legal supplies, the motion is **DENIED**. However, the court will **GRANT** Plaintiff an additional $10.00, for copy work for use in this case only. Additionally, the Defendants' counsel is directed to update the court with the dates in which Plaintiff has received his legal supplies.

f. **"Motion for Request in Ordered Minutes of the Court" (Doc. # 37)**

Again, the instant motion appears to request legal supplies.

The court explains it has addressed this issue multiple times and the same conclusion as Doc. # 26 and Doc. # 37 is reached for this motion. Therefore, Plaintiff's "Motion for Request in Ordered Minutes of the Court" (Doc. # 37) is **DENIED**.

g. **"Motion and Good Cause Shown for Seeks be Permission from the Court for Process or Leave to Proceed in These Motions with the Inadequacies Forms Based on Upon" (Doc. # 38)**

Once again, the court is having great difficulty ascertaining the relief Plaintiff is seeking in this motion. However, it appears the relief sought is essentially the same subject as Doc. # 26, Doc. # 30 and Doc. # 37. The court has made its ruling regarding legal supplies, therefore, the instant motion (Doc. # 38) is **DENIED**.

The court advises plaintiff to refrain from filing duplicative motions and to better clarify in *one* motion the relief he is seeking. The court notes Plaintiff is to also comply with LR 7-4 which states "pre-trial briefs and points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits. Reply briefs and points an authorities shall be limited to twenty (20) pages."

h. **"This Motion is Made Pursuant to Too Fed. R. Cip. 33. In Order for Compelling Discovery" (Doc. # 44)**

In this motion, Plaintiff appears to request the court to compel defendants to produce documents. However, noted in Defendants' response (Doc. # 45), Plaintiff has not previously

MINUTES OF PROCEEDINGS
3:13-cv-00083-MMD-WGC
Date: March 14, 2014
Page 5

sought the production of documents from them.  Nevertheless, Defendants state they are treating the instant motion as a request for production of documents and have produced documents that appear to be responsive to his requests on March 3, 2014.

Plaintiff is advised that a request for production of documents is not filed with the court.  Instead, it is only served on the party to whom the requests(s) is/are directed.  If, upon receiving the responses and documents, Plaintiff is not satisfied that the responses are complete or thinks an asserted objection is improper, he is required to first meet and confer with the responding party and if unable to come to a resolution, may then file a motion to compel.  Plaintiff is directed to review Fed. R. Civ. P. 34 (regarding requests for production of documents) and Fed. R.Civ.P. 37 (regarding a motion to compel), as well as Local Rule 26-7 (discovery motions) and 26-8 (discovery and responses should not be filed with the court).

The court finds Plaintiff's motion improper and premature; therefore, Doc. # 44 is **DENIED**.

      i.      **"This Motion Be Brought Under Fed. R. Civ. P. 13 Pursuant to Federal Rules of Civil Procedure Civ. P. 13." (Doc. # 47)**

Plaintiff brings before the court a motion pursuant to Fed R. Civ. P. 13.  Fed. R. Civ. P. 13 governs counterclaims and cross-claims, neither of which are subject to this lawsuit.  Plaintiff's motion appears to be yet another allegation that he is not receiving legal supplies.  The court deferred Defendants' requirement to respond to Plaintiff's motion until the court had the opportunity to address Plaintiff's other motions during today's hearing (Doc. # 48).

Given Plaintiff's motion is 126 pages long suggests to the court that his allegations of not receiving legal supplies is contradicting.  In view of this contradiction and of the court's previous rulings regarding legal supplies, Plaintiff's motion (Doc. # 47) is **DENIED**.

**II.**      **Closing Statements by the Court**

The parties are advised that they have fourteen (14) days from the date the minutes of proceedings order is entered to file any objections to the court's rulings from today's hearing.

The courtroom deputy is directed to send Plaintiff a copy of the current docket sheet.

**IT IS SO ORDERED.**

11:05 p.m.  Court adjourns.

**MINUTES OF PROCEEDINGS**
3:13-cv-00083-MMD-WGC
Date: March 14, 2014
Page 6

                                                LANCE S. WILSON, CLERK

                                      By:  _____/s/_____
                                                  Katie Lynn Ogden, Deputy Clerk