UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| INGINIO HERNANDEZ, | ) | 3:13-cv-00083-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | April 30, 2014 |
| RENEE BAKER, et al., | ) | |
| Defendants | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Doc. # 56, filed as a "notice" by the Clerk's Office in the docket. The actual title of the filing is "This Motion be Brought Under Fed. R. Civ. P. 13 Pursuant to Rule of Civil Procedure Civ. P. 13. And also Moreover. In Addition for Addressing to Court Order of Motion (#51)."

The court finds this motion to be essentially indecipherable. In one respect, it appears to reflect an attempt by Plaintiff to prosecute a grievance before this court which is inappropriate. *See*, Minutes of Proceedings, Doc. # 50 at pp. 2-3:

> The court also notes that by filing a complaint in federal court and then to use it as a forum to air unrelated grievances is not an appropriate approach to remedy [Plaintiff's] complaints. Plaintiff is advised the proper remedy is to utilize the NDOC grievance system, and if the complaints remain unsolved, he may choose to file a new action.

To the extent Plaintiff's motion is a complaint about copy work or legal supplies (Doc. # 56 at 3-5), the court has also previously addressed the copy issues at the March 14, 2014 hearing. (Doc. #50 at 3-4.) Additionally, the Defendants have submitted a report, as the court requested, outlining the legal sup\plies and copy work which are available to the Plaintiff. (Doc. # 53.) The court finds any shortcomings with respect to Plaintiff's legal supplies or copy work were caused by Plaintiff's failure to follow the appropriate NDOC protocols.

MINUTES OF THE COURT
3:13-cv-00083-MMD-WGC
Date: April 30, 2014
Page 2

    Plaintiff's alleged inability to secure copy work or legal supplies is also due in no small measure to Plaintiff's propensity to file multiple motions on the same or related subject. (Doc. # 50 at 4.) Plaintiff is once again cautioned that his filing should not exceed allowable limits. Plaintiff should also consider more concisely setting forth his arguments, using "plain English." Attempts to employ antiquated or inappropriate "legalisms" only detract from his arguments.

    To the extent Plaintiff attempts to seek any relief under Fed. R. Civ. P. 13, (Doc. # 56 at 4-5), the court has previously addressed this contention as well. Rule 13 addresses counterclaims and cross claims, neither of which pertain to Plaintiff's action.

    Because of the multiple references in this Order to the Minutes of Proceedings of March 15, 2014 (Doc. # 50), the Clerk is directed to also send a copy of Doc. # 50 to Plaintiff.

    To the extent Doc. # 56 constitutes a motion, any relief sought therein is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk