1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9   INGINIO HERNANDEZ,                    )              3:13-cv-00083-MMD-WGC
                                          )
10              Plaintiff,                )                **ORDER**
                                          )
11          vs.                           )              **re: Doc. # 98**
                                          )
12   RENE BAKER, et al.                   )
                                          )
13              Defendants.               )
    _____)

14

15          Before the court is Plaintiff's "Motion to Reply and Answer to Defendants as Opposition to

16   Plaintiff's Motion (#93) for Verification of Civil Right Complaint Pursuant to 42 U.S.C. § 1983 and

17   Hereby Declare and State as Follows Upon A Plaintiff Response." (Doc. # 98.)[1] No response has been

18   filed by Defendants.

19          As with several of Plaintiff's prior filings, the court has difficulty discerning what relief Plaintiff

20   is seeking by this motion. The District Court Clerk's Office, when docketing Plaintiff's motion,

21   characterized it as a request by Plaintiff for this court to reconsider its order (Doc. # 96), at least as it

22   pertained to the court's resolution of his motion lodged as Doc. # 93. The court is not necessarily

23   convinced that is an accurate characterization of Plaintiff's motion. However,  to the extent Plaintiff's

24   motion is a request for the court's reconsideration of the court's order, the court is not inclined to alter

25   its decision.

26          The Federal Rules of Civil Procedure do not contain a provision governing the review of

27   interlocutory orders. However, the Ninth Circuit Court of Appeals has ruled that "As long as a district

28

    _____

        [1] Refers to court's docket number.

1   court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider,

2   rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles,*

3   *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks

4   and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and it

5   not abridged by the Federal Rules of Civil Procedure." *Id.*, at 887.

6         While other districts in the Ninth Circuit have adopted local rules governing reconsideration of

7   interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a

8   motion to alter or amend judgment under Rule 59(e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-

9   PMP-GWF, 2010 WL 3636278 at *1 (D.Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling*

10  *Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. 2010)). "A motion for

11  reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior

12  order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision."

13  <u>Rizzolo</u>, 2010 WL 3636278 at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003)).

14  Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered

15  evidence, (3) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

16  intervening change in controlling law." *Id.* (quoting *United States Aviation Underwriters v. WesAir,*

17  *LLC*, No. 2:08-cv-00891-PMP-LRL, 2010 WL 1462707, at *2 (D.Nev. 2010) (internal citation omitted),

18        If the court were to interpret Plaintiff's motion as a request for reconsideration, Plaintiff's motion

19  fails. He provides no basis that there are any facts or law which suggest the prior decision should be

20  reversed. There is no newly discovered evidence, the decision was neither manifestly unjust nor

21  constituted clear error, nor has there been any intervening change in the law.

22        Second, to the extent Plaintiff's filing might be interpreted as an objection of sorts to Defendants'

23  answer (Doc. # 31) to Plaintiff's amended complaint (Doc. # 11), the court denies Plaintiff's motion for

24  the same reason the court denied the earlier motion (Doc. # 54) seeking leave to reply to Defendants'

25  answer. (Doc. # 96 at 1, re Doc. # 54.)  A reply to an answer is only permitted by court order. Fed. R.

26  Civ. P. 7(a)(7).

27        Third, to the extent Plaintiff's motion might be interpreted as a request to amend the deadlines

28  contained in the scheduling order (Doc. # 96 at 9-10), the Plaintiff presents no explanation as to what

1  deadlines should be extended or what date(s) he proposes for the objectionable deadlines. The initial

2  scheduling order allowing discovery to proceed was entered on December 26, 2013. (Doc. # 33.) Those

3  deadlines were extended in this court's Order of September 15, 2014. (Doc. # 96.) There is no cogent

4  reason to again extend any of the deadlines contained in the scheduling order.[2]

5       And last, the court perceives Plaintiff's motion as a premature attempt to argue the merits of his

6  claims or seek this court to order witnesses from a local hospital to testify in his case. (Doc. # 98 at 4.)

7  Plaintiff makes the quantum leap from there, suggesting the court should conclude Plaintiff's rights under

8  the Constitution were "violated" (*id.* at 5) and that therefore this court should "enter in judgment 'and'

9  granting aplaintiff (sic) motion (#93)" As discussed above, the relief Plaintiff seemingly sought in his

10  filing lodged as Doc. # 93 was rejected in this court's Order. (Doc. # 96.). Plaintiff's apparent attempt

11  to allow Plaintiff to file a reply to Defendants' answer is **DENIED.** If Plaintiff is seeking summary

12  judgment, he should file the appropriate motion, identify the material facts which are not at issue,

13  specifically identify against whom he seeks judgment to be entered and provide the legal and factual

14  rationale for a motion for summary judgment under Fed. R. Civ. P. 54. Filing a "Motion to Reply and

15  Answer to Defendants as Opposition to Plaintiff's Motion (#93) for Verification of Civil Right

16  Complaint Pursuant to 42 U.S.C. § 1983 and Hereby Declare and State as Follows Upon A Plaintiff

17  Response" (Doc. # 98) cannot in any stretch of the imagination be considered a valid motion for

18  summary judgment. The court in its discretion declines to treat it as such.

19  IT IS SO ORDERED.

20  DATED: November 14, 2014.

21      _____

22      WILLIAM G. COBB
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28     [2] The court, however, will discuss these issues and deadlines further when addressing them in response to Plaintiff's motion for enlargement of time, Doc. # 102.

3