# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INGINIO HERNANDEZ, | 3:13-cv-00083-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | **re: Doc. # 99** |
| RENE BAKER, et al. | |
| Defendants. | |

Before the court is Plaintiff's 113 Page motion entitled, "This Motion be Brought Shall on Good Faithfully for Good Cause to Shown Under Fed. R. Civ. P. 13 Pursuant to Federal Rule of Civil Procedure Civ. P. 13 on That Basis for my Seriousy (sic) Medical Need Can be Relief Hereby Declare and State as Follows Upon Be Plaintiff Claimed." (Doc. # 99.)[1] Defendants have opposed. (Doc. # 100.) No reply memorandum has been filed.

As best as the court can interpret Plaintiff's motion, he renews his allegations of his amended complaint that, *inter alia*, certain defendants have been deliberately indifferent to Plaintiff's serious medical needs. See, Screening Order, Doc. # 10 at 8-9. Although the motion refers to "Fed. R. Civ. P. 13" in the caption, there is no discussion of how this motion pertains to Rule 13 (counter claims and cross claims).

The court recognizes pro se filings are to be interpreted with a certain amount of liberality. However, the court simply cannot discern the precise relief Plaintiff seeks by his motion. Plaintiff in his conclusion states that,

---

[1] Refers to court's docket number.

> On that basis Plaintiff respectfully request (sic) to the "Honorable Magistrate Judge, shall have the power (sic) for enter in judgment on that basis."Granting a Plaintiff (sic) motion for such relief on which a Plaintiff (sic) seeking." As medial treatment of MRI or CT Scan on that basis as appropriate Medical Care on Which as Plaintiff Medical Problems can be relief. (sic) And on that basis.
>
> <u>Respectfully Submitted by Plaintiff, Inginio Hernandez # 59072</u>

(Doc. # 99 at 13.)

Plaintiff, after the "Respectfully Submitted" comment, continues on the next page to aver Dr. Koehn and Warden Baker "refused to prescribe for me the pain pill medication." (*Id*. at 14.) However, these comments are not of much assistance to the court in attempting to ascertain the intent, purpose and relief sought by Plaintiff's motion.

Defendants' counsel characterizes Plaintiff's motion is more of an attempt to utilize the court "as a super grievance coordinator." Defendants also state it is "unclear what relief Plaintiff's motion seeks to obtain." Defendants argue Plaintiff is "making his medical complaints to the Court instead of filing a grievance using the Nevada Department of Corrections grievance procedure or by sending a medical kite to request a medical appointment." (Doc. # 100 at 2.) Defendants note that the grievances accompanying Plaintiff's motion arose after the filing of Plaintiff's complaint "and do not involve the claim of the original December 2011 incident."

The court agrees with Defendants. The subject of Plaintiff's motion appears to be extraneous to the allegations of deliberate indifference to serious medical needs in his amended complaint which District Judge Miranda M. Du allowed to proceed. Screening Order, Doc. # 10 at 8-9. The Screening Order acknowledged the allegations of alleged denial of medical care which occurred on or around December 3, 2011. (*Id*.) Plaintiff's motion addresses allegations extending well beyond that time period.

Defendants also argue the motion cannot be treated as a dispositive motion "because he does not request judgment in his favor or argue that there are no issues of material fact." (Doc. # 100 at 2.) While a very liberal reading of Plaintiff's "Conclusion" (quoted above) might conceivably be interpreted as a request for judgment in his favor, he does not identify against whom he would want judgment entered.

He does not identify what facts are material but are not in dispute. It would take a long stretch of the judicial imagination for this court to be persuaded to interpret Plaintiff's filing as a motion for summary judgment.

Plaintiff's motion (Doc. # 99) is **DENIED.**

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

DATED: November 14, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE