# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INGINIO HERNANDEZ, | 3:13-cv-00083-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | **re: Docs. # 102, # 99** |
| RENE BAKER, et al. | |
| Defendants. | |

Before the court is Plaintiff's motion entitled, "Motion for Seeks From the Honorable Court Permission for Enlargement of Time to File Those Motions and Hereby Declare and State as Follows Upon." (Doc. # 102.)[1] Defendants have filed a limited opposition. (Doc. # 105.) No reply memorandum has been filed.

The court interprets Plaintiff's Motion (Doc. # 102) as one wherein he seeks an enlargement of time to complete discovery and the deadline to file motions for summary judgment. At present, those two deadlines are November 17, 2014 (discovery) and December 17, 2014 (dispositive motions). (Doc. # 96 at 9-10.)[2]

**I. Discovery Deadline**

In establishing revised deadlines for discovery, this court stated that:

> 4) Pursuant to Local Rule 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause and any

---

[1] Refers to court's docket number.

[2] Defendants have a seemingly different interpretation of Plaintiff's motion. Defendants suggest, and the court does not necessarily disagree, that Plaintiff seeks additional time to submit a reply memorandum with regard to Plaintiff's motion lodged as Doc. # 99. This issue is addressed in Section III of this Order.

stipulation or motion to extend the discovery deadline must be filed with the court at least twenty days prior to expiration of the deadline or extension approved by the court. Such a motion or stipulation shall include:

    (a)    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    (b)    A specific description of the discovery which remains to be completed;

    (c)    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline or any subsequent extension approved by the court; and

    (d)    A proposed schedule for the completion of all remaining discovery and any related deadlines.

(Doc. # 96 at 9:14-24.)

Plaintiff provides no explanation as to what discovery he has completed, or what discovery he wants to undertake and why he has not completed that discovery to date. Plaintiff has had the almost unprecedented time of one year to undertake and complete discovery. (Doc. ## 33, 96.) The court is not inclined to extend this discovery deadline.

Plaintiff's request for an extension of the discovery deadline is **DENIED.**

## II.  Deadline for Dispositive Motions

The component of Plaintiff's motion which seeks an extension of time to file dispositive motions is **GRANTED.**  The deadline is extended from December 17, 2014, for sixty (60) days to and including **February 15, 2015.**

## III.   Extension of Time re Doc. # 99

The court has already entered an order denying Plaintiff's motion lodged as Doc. # 99. The court will, however, allow Plaintiff to file a reply memorandum, not later than December 1, 2014.  Plaintiff's reply memorandum should address both Defendants' opposition to Plaintiff's motion (Doc. # 100) and this court's order (Doc.# 108.) The court will review Plaintiffs' Reply memorandum and will reconsider

its decision in a supplemental order. Plaintiff is again encouraged, however, to use simple terms to concisely state his position; flowery "Legalese" is not necessary and is discouraged.

The time the parties have to file any objection to the court's order concerning Plaintiff's motion (Doc. # 99) is extended to fourteen days after receipt of the court's supplemental order regarding Doc. # 99.

Plaintiff's motion (Doc. # 102) is **GRANTED IN PART** and **DENIED IN PART** consistent with the terms of this order.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

DATED: November 17, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE