**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| INGINIO HERNANDEZ, | ) | 3:13-cv-00083-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 104** |
| RENE BAKER, et al. | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's motion entitled, "This Motion be Brought Shall for Good Cause Shown Under Indeed on Good Faithful for Continuing to Support a Plaintiff Claims of This or These Motions for Discovery of Request for Production of Documents. Likewise Ordered by the Court in the Federal Rules of Civil Procedure. And on that Basis by Its Moved the Honorable Court In Order Shall All Law Things Tangible and Really Reasonable Of." (Doc. # 104.)[1]  Defendants have opposed (Doc. # 110) and Plaintiff has replied (Doc. # 113).

The court interprets Plaintiff's motion, as have the Defendants, as a motion to compel.  However, it is difficult if not impossible to discern the actual subject of the dispute from either Plaintiff's rather brief (5 page) motion or from the 289 pages of materials which follow.  Plaintiff appears to complain that the Defendants have not provided him discovery responses but Plaintiff includes with his motion the responses Defendants did in fact make, along with hundreds of pages of responsive documents.  (Doc. # 104.)  If there is something allegedly deficient about the responses the Defendants did in fact provide Plaintiff, the Plaintiff's motion fails to discuss any such deficiencies.  As such, the court is not able to ascertain exactly what it is about the discovery responses with which Plaintiff takes exception.

---

[1] Refers to court's docket number.

1 | The court's understanding of Plaintiff's motion might also have been simplified if Plaintiff's reply had provided further clarification of his objections to Defendants' discovery responses and opposition. (Doc. # 113.)

More importantly, both Plaintiff's motion and reply are devoid of any attempt to explain to the court how he attempted to resolve his discovery dispute *before* filing a motion to compel, as is required by Local Rule 26-7(b) and Federal Rule of Civil Procedure 37(a)(1); *Shuffle Master, Inc. v Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The District Court in *Shuffle Master* denied a discovery motion when moving counsel, before filing the motion, undertook a meager attempt to resolve an apparent discovery dispute by sending opposing counsel demand letters by fax and via one telephone call to counsel's offices. According to Defendants in this matter, they first learned Plaintiff had some objection to their discovery responses when Plaintiff filed his motion to compel. (Doc. # 110 at 2.) While the court recognizes an incarcerated inmate might not be able to attempt to contact the Attorney General's office by telephone or fax, Plaintiff could have at least first contacted Deputy Attorney General Johnson by writing to him to explain the substance of his (Plaintiff's) discovery concerns. Plaintiff's failure to undertake any effort whatsoever to comply with the Federal and Local Rules requiring an informal attempt to resolve a discovery dispute has prevented the court from evaluating whatever merits there may be to Plaintiff's motion.

Even assuming Plaintiff informally attempted to resolve the discovery dispute before filing his motion, the substance of the discovery at issue is still not explained. Plaintiff states that "the materials are relevant and evidentiary" and the "request is specific." But Plaintiff fails to identify the "specific request" to enable the court to determine (1) whether the disputed discovery was "relevant and evidentiary," and if so, (2) how the Defendants' responses were incomplete, evasive or otherwise unsatisfactory. Defendants' memorandum outlines that the discovery to which Plaintiff refers apparently first surfaced as a motion for discovery (Doc. #44) which Defendants interpret as a Rule 34 Request for Production. Whatever the format of Plaintiff's discovery, Defendants stat they responded to the request on March 2, 3014. It was not until August 4, 2014, that Defendants heard further from Plaintiff when he filed a motion to compel Defendants represent that when they responded to Plaintiff's request, "no documents were withheld." (Doc. #111 at 2.) Therefore, without any clarification or specification from

the Plaintiff as to the alleged inadequacy of Defendants' response, the court simply cannot afford Plaintiff any relief under his motion to compel.

Plaintiff's motion (Doc. # 104) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 18, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE