# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INGINIO HERNANDEZ,<br>　　　　Plaintiff,<br>　　vs.<br>RENE BAKER, et al.<br>　　　　Defendants. | 3:13-cv-00083-MMD-WGC<br><br>**ORDER**<br><br>**re: Doc. # 117** |

Before the court is Plaintiff's "Motion for an Order Compelling Discovery of the Federal Rules of Civil Procedure by Compelling by Due Process Describe on That Basis it self Appearing to Pro Se on Which A Plaintiff Trying to the Best of the Plaintiff Knowledge Upon." (Doc. # 117.)[1] Defendants have filed an opposition to Plaintiff's motion. (Doc. # 118.) No reply was filed.

## BACKGROUND

The present filing by Plaintiff, which the court interprets as a motion to compel discovery responses from Defendants, is one of a series of discovery motions submitted by Plaintiff. First, on January 31, 2014, Plaintiff filed a motion for discovery. (Doc. # 44.) The motion was actually titled "This Motion is Made Pursuant Too Fed. R. CiP 33. In Order for Compelling Discovery." In the first line of line of Plaintiff's motion, Plaintiff added a "Note" stating "this motion seeks to compel production of documents." (Doc. # 44 at 1.) Defendants interpreted Plaintiff's motion as a Fed. R. Civ. P. 34 request for production of documents. Although Defendants were never served with a typical Rule 34-type of request for production, Defendants indicated that nevertheless they were in the process of "gathering documents that may be responsive to Plaintiff's request." (Doc. # 45 at 2.)

---

[1] Refers to court's docket number.

At a hearing on March 14, 2014, regarding, *inter alia*, Plaintiff's motion to compel (Doc. # 44), Plaintiff was advised by the court that the proper procedure relating to a motion to compel, if Plaintiff is not satisfied with the responses, Plaintiff is first required to meet and confer with the responding party to attempt to resolve the discovery dispute. If at that time Plaintiff believes he has been unable to resolve a discovery dispute, the court advised Plaintiff that he could thereafter file a motion to compel. Plaintiff was referred to the sections of the Federal Rules of Civil Procedure relating to production of documents (Fed. R. Civ. P. 34) and motions to compel (Fed. R. Civ. P. 37 and Local Rule 26-7). The court found Plaintiff's motion (Doc. # 44) improper and premature and denied Plaintiff's motion. (Doc. # 50 at 4-5.)

Several months later on August 4, 2014, Plaintiff filed another motion to compel discovery. (Doc. # 81.)[2] In response, Defendants stated that after receiving Plaintiff's earlier motion for discovery (Doc. # 44) in January, 2014, which as noted above Defendants had interpreted as a request for production, Defendants represented they produced the requested documents on March 3, 2014. (Doc. # 87 at 2.) Subsequent to that production, Defendants stated no other discovery requests, objections or communications were received from Plaintiff. Defendants cited Plaintiff's failure to comply with Local Rule 26-7 regarding the party's obligation to first undertake an informal attempt to resolve the discovery dispute, stating that "Plaintiff's motion to compel is the first time Defendants have ever heard of Plaintiff's claim he did not receive discovery." (*Id*.) Plaintiff did not file a reply memorandum regarding Defendants' Response.

On September 18, 2014, this court entered an order denying Plaintiff's motion (Doc. # 81) without prejudice by reason of Plaintiff's failure to comply with Local Rule 26-7(a) which requires a motion to compel to set forth in full the text of the discovery sought and the responses thereto. The court also faulted Plaintiff for failing to comply with the requirement of Local Rule 26-7(b) requiring a party to personally consult and sincerely attempt to resolve a discovery dispute before seeking court intervention. More specifically, the court stated:

///

///

---

[2] The motion was titled, "This Motion Be Brought Shall in Good Faithfulness an Order to Seeking Too Compelling Discovery Enaccordace with the Law under Rule 37(A)(3)(B) shall be Discovery Rule and Regulations Infact." (Doc. #81.)

> Upon reviewing Defendants' Discovery responses Plaintiff may engage in a sincere attempt to resolve any remaining discovery dispute, and if unsuccessful, file a motion that complies with Local Rule 26-7. Any motion shall include a certification as to the efforts made to resolve the dispute informally, and shall also include the discovery served by Plaintiff and the Defendants' responses, along with a specific discussion of how the responses are deficient.

(Doc. # 96 at 2-3.) The court noted that Defendants represented they had produced many if not all of the documents sought by Plaintiff. The court cautioned Plaintiff that if he did pursue another motion to compel, in addition to satisfying the "meet and confer" requirements, Plaintiff was also to "identify with specificity what additional documentation is sought." (*Id.* at 3.)

Four months later Plaintiff brought the instant motion before the court. (Doc. # 117.) The court interprets this motion as another motion to compel. Once again, however, Plaintiff did not submit the specific discovery requests or the Defendants' responses to which Plaintiff takes exception as required by the Local Rules. Nowhere in the 78 pages comprising Plaintiff's current motion, has he "identif[ied] with specificity what additional documentation is sought," as the court previously cautioned Plaintiff he must do if he were to pursue another motion to compel. Instead, the motion appears to be a compilation of copies of grievances, kites and law library request forms, none of which seem to pertain to the purported discovery request Plaintiff made to the Defendants.

Although Plaintiff fails to provide the court copies of Defendants' responses to Plaintiff's discovery – which apparently relate back to his initial motion for discovery (Doc. # 44, 1/31/2014), as no other discovery requests are referenced – Defendants' response to Plaintiff's second motion to compel (Doc. # 81) contained copies of Defendants' discovery responses. (Doc. # 87-1.) Nevertheless, the court does not have the benefit of a cogent discussion by Plaintiff of the alleged inadequacies of Defendants' discovery responses. However, without delving into the specifics, it facially appears Plaintiff contends Defendants' responses to his request for production adequately do not adequately respond to and make available to Plaintiff the documents sought by his discovery. (Doc. # 87-2.)

Defendants also assert Plaintiff failed to comply with the meet and confer process. Plaintiff, on the other hand, states that "the Defendants counsels has failed to confer in good faith prior to filing the reason way that maken improper discovery in an attempt to obtain it on returning by lacks the supplement discovery or their discovery responses or other relief that also Plaintiff have been

3

requesting." (Doc. # 117 at 2.) Plaintiff' states he has complied with LR 26-7 regarding personal consultation or attempting to resolve the matter with the Defendants. "In fact," he states, his "motion to compel is the second of the three or the four motions that the Plaintiff [has]...submitted, but have not receive any [of] the discovery." The filing of a motion to compel, however, does not equate with personal consultation or attempting to resolve the matter without court intervention. (Doc. # 117 at 6.) While it appears there may have been an adequate effort to satisfy the meet and confer requirements, nevertheless the court once again has not been specifically apprised of the nature of the discovery dispute. Nor does Plaintiff state what intervention he seeks from the court as to <u>discovery</u>. Instead, it appears as if Plaintiff is seeking the court to address what are essentially a litany of new grievances.

Plaintiff also alleges that although the Defendants said they submitted a second copy of the documents they produced, he has not received it. (*Id.*) In response, the Defendants state they "agree to supplement their discovery responses but all other relief should be denied." (Doc. # 118 at 2.) Although the court is denying Plaintiff's motion to compel, Defendants are required to file a Notice by **February 18, 2015,** summarizing the supplemental discovery responses they have served upon Plaintiff referred to in Doc. # 118 at 2.

Plaintiff's motion for an order compelling discovery (Doc. # 117) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 10, 2015.

_____
WILLIAM G. COBB
UNITED0 STATES MAGISTRATE JUDGE