1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9    INGINO HERNANDEZ,                        Case No. 3:13-cv-00083-MMD-WGC

10                              Plaintiff,     ORDER ACCEPTING AND ADOPTING
                                              REPORT AND RECOMMENDATION OF
11        v.                                  MAGISTRATE JUDGE
                                              WILLIAM G. COBB
     RENEE BAKER, et al.,
12
                                Defendants.
13

14

15   **I.      SUMMARY**

16          Before the Court is the Report and Recommendation of United States Magistrate

17   Judge William G. Cobb (dkt. no. 1158) ("R&R"), recommending that the Court grant

18   summary judgment in favor of Defendants on all  counts except for count III relating to

19   Plaintiff's Eighth Amendment use of excessive force claim.  (Dkt. no. 158.)  Defendants

20   object to the recommendation to deny summary judgment on count III.  (Dkt. no. 160.)

21   Plaintiff objects to the recommendation to grant summary judgment on counts I and II.

22   (Dkt. no. 168.)

23   **II.     BACKGROUND**

24          Plaintiff, who is a prisoner in the custody of the Nevada Department of

25   Corrections, asserts claims arising out of his incarceration at Ely State Prison.

26   Following screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to

27   proceed on the following claims: denial of access to the courts and retaliation (count I);

28   unconstitutional conditions of confinement, and deliberate indifference to safety and to

serious medical conditions (count II); and use of excessive force (count III). (Dkt. no. 10.) Defendants moved for summary judgment. (Dkt. no. 132.) The Magistrate Judge recommends granting summary judgment on counts I and II and denying summary judgment on count III against Defendants Paul Malay and Christian Rowley.[1] (Dkt. no. 158.)  Defendants object to the recommendation to deny summary judgment (dkt. no. 160) and Plaintiff objects to the recommendation to grant summary judgment (dkt. no. 168).

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of the parties' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Nw. Motorcycle Ass'n*, 18 F.3d at 1472. "The amount of evidence

---

[1]The Magistrate Judge also recommends dismissing Defendant Erik Lyons.  (Dkt. no. 158 at 2.)  Lyons has since been dismissed. (Dkt. no. 162.)

necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co*., 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (citation and internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

### A.   Defendants' Objections

The Magistrate Judge recommends denying summary judgment on Plaintiff's claim for excessive use of force under the Eighth Amendment, finding that a genuine dispute of material facts exists as to whether "force was used maliciously and sadistically in an effort to cause harm to Plaintiff or in a good faith effort to restore

order." (Dkt. no. 158 at 25.) Defendants contend that the Magistrate Judge erred by failing to give proper deference to Defendants' decision to use force and by finding that Plaintiff met his burden in demonstrating material issues of fact exists as to whether Defendants acted with malicious intent. (Dkt. no. 160.) The Court disagrees.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Id.* at 7.

Plaintiff's excessive use of force claim is based on an incident on December 10, 2011, where Defendants Malay and Rowley allegedly kicked, punched, twisted, bent, and slammed his arms in the food slot door of his cell. (Dkt. no. 11 at 19.) The only fact that Plaintiff and Defendant appear to agree is that Plaintiff did place his hands on the food slot door, but they dispute what transpired thereafter. In his declaration, Defendant Malay states that when he ordered Plaintiff to come and take the cup of medication that the nurse had placed on the food slot, Plaintiff "rushed to the food slot and stuck both arms out of the food slot" and he "then became physically aggressive and did attempt to grab the nurse." (Dkt. no. 132-3, ¶¶ 15, 16.) Defendant Malay "stepped in front of the nurse and pushed both of the inmate['s] arms to the side door in order to protect the nursing staff." (*Id.* at ¶ 16.) According to Malay, Plaintiff spit at him hitting his midsection and attempted to grab his duty belt and pull him to the food slot. (*Id.*) In response, Malay "used both hands and put the inmate in a wrist lock (goose neck) and attempted to push his arms back to the food slot." (*Id.* at ¶ 17.) Malay states that Plaintiff continued to "spit and assault staff" although he "did get the inmate['s] arm back inside his cell." (*Id.*)

4

Defendant Rowley states in his declaration that Plaintiff "rushed his food slot and reached out and tried to assault" Malay and the nurse. (Dkt. no. 132-10, ¶ 5.)  Rowley then "applied a gooseneck on inmate Hernandez's right arm" and told him to put his arms back into his cell, and Plaintiff complied and pulled his arms back into his cell after which he and Malay closed the food slot without further incident. (*Id.* at  ¶¶ 5-6.) Rowley did clarify that Plaintiff spit on Malay during this process and hit Malay in his midsection. (*Id.* at ¶ 5.) Apparently, both Malay and Rowley separately applied a wrist lock on Plaintiff, although it is not clear from their declarations whether they were doing so at the same time with each applying a wrist lock on one arm.  Malay applied the wrist lock and "attempted to push [Plaintiff's] arms back to the food slot" (dkt. no. 132-2, ¶ 17) while Rowley applied the wrist lock and "gave verbal commands" for Plaintiff to put his arms back into his cell, which he did (dkt. no 132-10, ¶ 5).  In contrast, according to Malay, Plaintiff "continued to spit and assault staff." (Dkt. no. 132-3, ¶ 17.)

In his response, Plaintiff admits that he "put both arms on [sic] the slot door and holding it for keeping it open" but claims that Defendants attacked him. (Dkt. no. 146 at 70.)  Plaintiffs states that he was "not violent" and "did not refuse to follow officers Paul Malay or Christian Rowley's instructions."  (*Id.*)  According to Plaintiff, Defendants Malay and Rowley "pushed and swung, kicking and punching up and down by the same time bending and twisting arms by slamming the food slot door on a plaintiff['] arms." (Dkt. no. 146 at 69.)

The Court agrees with the Magistrate Judge that Plaintiff has met his burden in opposing summary judgment. Viewing all facts and drawing all inferences in the light most favorable to Plaintiff, a reasonable fact-finder could find that Plaintiff did not behave aggressively or tried to attack Defendant Malay or the nurse, and Defendants' use of force was therefore wanton and unnecessary. Even if Plaintiff did not immediately remove his arms from the slot door, a reasonable fact-finder could find that Defendants' response — Defendants pushed, swung, kicked punched and bended and ///

twisted his arms by slamming the food slot door on his arms — was unconstitutionally excessive.  (Dkt. no. 146 at 69-70.)

Defendants are correct that the courts must be deferential when reviewing the necessity of force.  *See Norwood v. Vance*, 591 F.3d 1062 1066-67 (9th Cir. 2010), *cert denied* 131 S. Ct. 1465).  However, whether the use of force was unconstitutionally excessive usually involves an issue of fact.  *See, e.g., Lolli v. County of Orange*, 351 F.3d 410, 415-16 (9th Cir. 2003) (citations omitted) (in an excessive force case brought by a pretrial detainee under the Fourth Amendment, the court stated, "summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly").  The Court agrees with the Magistrate Judge that count III presents such a factual situation that must be submitted to the jury.  Accordingly, summary judgment is not proper.

**B.     Plaintiff's Objections**

Plaintiff's lengthy objections mainly recite case law and repeats arguments he made in opposition to Defendant's motion for summary judgment.  Having reviewed the underlying briefs and the Magistrate Judge's Recommendations, the Court agrees with the Magistrate Judge that summary judgment should be granted on counts I and II.

**V.     CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 158) be accepted and adopted in its entirety. Defendant's motion for summary judgment (dkt. no. 132) is granted with respect to counts I and II and denied with respect to count III (Eighth Amendment use of excessive force claim).

DATED THIS 3rd day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE